UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:12-CR-113-TAV-DCP-1 |
| IVAN JAVON ROPER, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 57], as supplemented by counsel [Doc. 65]. The United States ("the Government") responded in opposition [Doc. 66]. Defendant's motion will be denied because he has not shown extraordinary and compelling reasons for a sentence reduction.

**I.   BACKGROUND**

In November of 2013, Defendant was sentenced to 188 months of imprisonment based on his conviction for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) [Doc. 35]. Defendant filed a motion for compassionate release in May of 2020, based on his hypertension and the COVID-19 pandemic [Doc. 49]. The Court denied the motion because Defendant did not show extraordinary and compelling reasons for release [Doc. 56]. In the instant motion, Defendant asserts that his hypertension, obesity, and other medical conditions warrant relief [Doc. 57, 65].

Defendant is presently housed at USP Yazoo City, with a projected release date in September of 2026. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited May 18, 2022).

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id*. at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the

2

Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III. ANALYSIS

Defendant asserts that he requested compassionate release from the warden at his prison and received no response [Doc. 57, p. 5]. Defendant provides no documentation of that request. However, the Government has not objected on exhaustion grounds [*See generally* Doc. 66]. Accordingly, the Court may consider the merits of Defendant's motion.

As noted above, Defendant seeks release based on his medical conditions amid the COVID-19 pandemic. He is forty-nine (49) years old and suffers from hypertension, morbid obesity,[1] gastroesophageal reflux disease (GERD), diverticulitis, and other conditions, as documented in his medical records [Doc. 67, p. 26]. Of Defendant's

---

[1] Medical records show that Defendant weighs 301 pounds [Doc. 67, p. 19] and his height, as documented in the Presentence Report, is 6'1'' [Doc. 33, ¶ 43]. Accordingly, he has a body mass index of 39.7. *See* Adult BMI Calculator, Centers for Disease Control, available at https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (accessed May 18, 2022).

3

conditions, the Centers for Disease Control has concluded that obesity "can" increase the risk of serious illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 18, 2022). The same is "possibly" true of hypertension. *Id.* Therefore, Defendant may be at an increased risk of serious complications from COVID-19.

However, Defendant's medical conditions are not extraordinary and compelling. Nearly half of American adults have hypertension. Facts About Hypertension, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/bloodpressure/facts.htm (last visited May 18, 2022). More than forty-two (42) percent of American adults suffer from obesity. Adult Obesity Facts, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/obesity/data/adult.html (last visited May 18, 2022). Moreover, Defendant has already contracted COVID-19 and recovered [Doc. 55, pp. 4–5; Doc. 67, p. 28]. While not a complete guarantee against future harm, Defendant's successful recovery suggests that he may not experience serious complications if he contracts the virus again. Perhaps most importantly, Defendant has been provided with access to a COVID-19 vaccine. Medical records show that Defendant refused vaccination in April of 2021 and received his first dose in October of that year [Doc. 67, pp. 38–39]. A defendant's "access to the COVID-19 vaccine substantially undermines [her] request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-

4

19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Additionally, at present, COVID-19 appears to be fairly well controlled at Defendant's prison. USP Yazoo City currently reports only one inmate case and one staff case of COVID-19. *COVID-19: Coronavirus*, Bureau of Prisons, http://bop.gov/coronavirus/ (last visited May 18, 2022).

Given the facts above, Defendant's health risk amid the COVID-19 pandemic is not an extraordinary and compelling reason for a sentence reduction.

Because the requirement of extraordinary and compelling reasons has not been met, the Court need not consider the factors under 18 U.S.C. § 3553(a). *Elias*, 984 F.3d at 519.

## IV. CONCLUSION

Defendant's pro se motion for compassionate release [Doc. 57] as supplemented by counsel [Doc. 65] is therefore **DENIED**.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

5